United States District Court
Southern District of Texas

**ENTERED**
May 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RAYVEION TYRONE, | § | CIVIL ACTION NUMBER |
| (TDCJ # 01972349) | § | 4:24-cv-04663 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ERIC GUERRERO, | § | |
| Respondent. | § | |

**OPINION AND ORDER ON DISMISSAL**

The petition for writ of *habeas corpus* under 28 USC §2254 by Petitioner Rayveion Tyrone is dismissed. Dkt 3.

1.   Background

Petitioner filed a federal petition for writ of *habeas corpus* to challenge a disciplinary proceeding that occurred at the Clements Unit of the Texas Department of Criminal Justice–Correctional Institutions Division on May 21, 2024. He proceeds here *pro se*.

Petitioner alleges that he was charged in disciplinary case 20240136743 with failing to obey an order after he refused to comply with an order to remove a sheet that was covering his cell door. A properly noticed disciplinary hearing was held. Petitioner attended the hearing with counsel substitute and gave a statement. The charging officer's report was admitted into evidence, and her testimony was taken. Based on that evidence, the hearing officer found Petitioner guilty and assessed punishment of the loss of recreation privileges for fifteen days and the loss of commissary privileges for forty-six days. Petitioner didn't lose any good-time credits, and he wasn't demoted in line class. Dkt 15-1 at 4.

Petitioner timely filed a Step 1 grievance appeal. Id at 7–8. He disputed the truthfulness of the testimony presented at the hearing, but he didn't raise any issues about the procedures before or at the hearing. Ibid. The grievance appeal was denied, with a finding that the verdict was supported by the evidence and all due process requirements had been satisfied. Id at 8.

Petitioner filed a Step 2 grievance appeal, which likewise challenged the evidence rather than the procedures used. Id at 9–10. That appeal was also denied. Id at 10.

Petitioner filed the subject petition here in November 2024. Dkt 3. He contends that he was denied his due process right to obtain evidence and present it at the hearing. Id at 6. He contends that he was denied parole because of the disciplinary conviction. Ibid. In a supplemental memorandum, he also asserts that he was denied good-time credits, was demoted in line class, and was placed in restrictive housing as a result of this disciplinary conviction. Dkt 4 at 3. As relief, he asks that the disciplinary conviction be vacated and a new parole hearing scheduled. Dkt 3 at 7.

Eric Guerrero is now the Executive Director of the Texas Department of Criminal Justice—Correctional Institutions Division and is automatically substituted as Respondent. See FRCP 25(d). He answered the petition and filed copies of the state-court records relating to this disciplinary case. Dkt 15. Petitioner didn't file a reply, and his time to do so has now expired.

### 2. Legal standard

The federal writ of *habeas corpus* is an extraordinary remedy available when a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 USC §§2241(c)(3), 2254(a); see also *Brecht v Abrahamson*, 507 US 619, 631 (1993). In the context of prison disciplinary proceedings, a prisoner's right to *habeas corpus* relief is governed by the Due Process Clause of the Fourteenth Amendment. See *Wolff v*

*McDonnell,* 418 US 539, 556–57 (1974). But the Due Process Clause protects a prisoner charged with a prison rules violation *only* when the disciplinary proceeding could result in a sanction that infringes on a protected liberty interest. See *Sandin v Conner,* 515 US 472, 484 (1995).

Protected liberty interests may arise under either the Constitution or state law. See *Kentucky Department of Corrections v Thompson,* 490 US 454, 460 (1989). Under the Constitution, convicted prisoners have a protected liberty interest in freedom from conditions of confinement that "present a dramatic departure from the basic conditions of [the prisoner's] sentence." *Sandin*, 515 US at 485. But the Constitution doesn't create a protected liberty interest in any expectation of release before the expiration of a valid sentence. See *Greenholtz v Inmates of Nebraska Penal & Correctional Complex,* 442 US 1, 7 (1979). Likewise, the Constitution doesn't create a protected liberty interest in good-time credits for satisfactory behavior. *Wolff,* 418 US at 557; *Madison v Parker,* 104 F3d 765, 768 (5th Cir 1997).

In addition, standard changes in the conditions of a prisoner's confinement don't implicate the Constitution. *Sandin*, 515 US at 484. Thus, neither the loss of the opportunity to earn good-time credits nor placement in administrative segregation, without more, implicate constitutional protections. *Luken v Scott,* 71 F3d 192, 193 (5th Cir 1995, *per curiam*). The imposition of commissary, recreation, and cell restrictions also don't trigger the protection of the Constitution. *Madison,* 104 F3d at 768 (commissary and cell restrictions); *Odneal v Hinojosa*, 357 F Appx 598, 599 (5th Cir 2009, *per curiam*) (recreation restrictions).

State laws may also create protected liberty interests. But the Supreme Court holds that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" qualify for constitutional protection under the Due Process Clause. *Sandin,* 515 US at 487; see also *Orellana v Kyle,* 65 F3d 29, 31-32 (5th Cir 1995, *per curiam*). In Texas, only prisoners eligible for release to

3

mandatory supervision have a constitutional expectancy of early release and thus a protected liberty interest in the good-time credits that they have earned. See *Malchi v Thaler,* 211 F3d 953, 957–58 (5th Cir 2000) (addressing mandatory supervision scheme in place before September 1, 1996); *Teague v Quarterman,* 482 F3d 769, 776–77 (5th Cir 2007) (addressing mandatory supervision scheme in place before and after September 1, 1996). Texas prisoners have no right to be released on parole, and they therefore have no protected liberty interest in any possible release to parole. *Madison*, 104 F3d at 768.

Even when disciplinary proceedings implicate constitutional protections, those proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 US at 556. Procedural protections in the context of prison disciplinary proceedings therefore aren't the same as due process protections in the criminal law context. Instead, due process in this context requires only that prisoners be afforded (i) written notice of the claimed violation at least twenty-four hours before a disciplinary hearing, (ii) a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action, and (iii) the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. Id at 564–66.

The finding of guilt must also be "supported by some evidence in the record." *Edwards v Balisok*, 520 US 641, 648 (1997), quoting *In re Johnston*, 745 P2d 864, 867 (Wash 1987). But if these minimal constitutional standards are satisfied, no due process violation occurs.

### 3.   Analysis

Petitioner complains that his due process rights were violated during the proceedings in disciplinary case 20240136743. To the contrary, the record of those proceedings shows that no protected liberty interest was affected.

For one thing, Petitioner didn't lose good-time credits as a result of these proceedings. He instead lost only recreation time and commissary privileges. The loss of those privileges doesn't trigger the protection of the Constitution because they are "merely changes in the conditions of his confinement" that "do not implicate due process concerns." *Madison*, 104 F3d at 768.

What's more, these penalties aren't the type of atypical, significant deprivations that would be actionable in federal *habeas corpus* proceedings. Ibid; see also *Odneal,* 357 F Appx at 599: "[P]unishments such as loss of recreation and commissary privileges, cell restriction, and change in time-earning status do not implicate due process concerns."

Last, because Petitioner has no liberty interest in release to parole, any possible effect this disciplinary proceeding may have had on his release to parole didn't implicate due process protections.

Petitioner alleges in his supporting memorandum that he was denied good-time credits, demoted in his time-earning level, and placed in restrictive housing as a result of this disciplinary conviction. Dkt 4 at 3. The record of the proceedings relating to this specific disciplinary charge simply doesn't show that those sanctions were imposed as part of this action. Perhaps Petitioner had such sanctions imposed at some point after the hearing. But they weren't imposed in *the subject* disciplinary proceeding and so can't support the relief requested in *this* action.

Petitioner doesn't show that he is entitled to relief on *habeas corpus* in connection with the disciplinary proceedings in case 20240136743. His claims will be dismissed as lacking in merit.

### 4.  Certificate of appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the

denial of a constitutional right." 28 USC §2253(c)(2). This requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v Dretke*, 542 US 274, 282 (2004), quoting *Slack v McDaniel*, 529 US 473, 484 (2000). When the court denies relief based on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 US at 484.

It is determined that jurists of reason would not debate whether any procedural ruling in this case was correct. Petitioner hasn't made the necessary showing for a certificate of appealability.

5.    Conclusion

The motion by Respondent for extension of time to file an answer is GRANTED. Dkt 14.

Respondent's answer is ACCEPTED as timely filed. Dkt 15.

The petition for writ of *habeas corpus* brought by Petitioner Rayveion Tyrone lacks merit and is DENIED. Dkt 3.

This action is DISMISSED WITH PREJUDICE.

Any other pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED.

Final judgment will enter separately.

SO ORDERED.

Signed on  May 14, 2026  , at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge

6